IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22–21–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| GREGORY DEAN SHIDELER, | |
| Defendant. | |

Before the Court is Defendant Gregory Dean Shideler's Motion for Early Termination of Supervision. (Doc. 93.) The United States does not oppose. (*Id.* at 1.) For the reasons below, the Court grants the Motion.

## Background

On January 5, 2023 Defendant was sentenced for felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Doc. 80.) The Court sentenced Defendant to five years of probation. (*Id.* at 2.)

## DISCUSSION

Under federal law, this Court:

after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or

1

at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); *see also United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Defendant has served 40 months of his term of probation and is therefore statutorily eligible for the premature termination of his remaining term of probation.

In determining whether to grant an early termination of probation, courts consider certain factors. These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of probation context.

2

*Emmett*, 749 F.3d at 821.

Defendant argues that the Court should terminate the remainder of his term of probation because Defendant has served 40 months of his five-year term of probation, or two-thirds, without infraction. (Doc. 94 at 3–4.) Defendant is now 75 years old, lives in Belgrade, and does not use controlled substances or alcohol. (*Id.* at 4.) The Court finds early termination appropriate.

Based on Defendant's compliance with the terms of probation, his continued sobriety, his rehabilitation, and his respect for the law, the Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Therefore, in weighing the conduct of the Defendant with the interests of justice, the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that the Motion (Doc. 93) is GRANTED. Defendant Gregory Dean Shideler's term of probation is terminated as of the date of this Order.

DATED this 13th day of May, 2026.

Dana L. Christensen, District Judge
United States District Court